IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **06-cv-00971-REB-MJW**

SCOTT R. GOTTLIEB,

Plaintiff,

v.

BARRY PARDUS, Mgr. Office of Clinical Services,
LYNN ERICKSON, Health Service Administrator at CSP,
J. WERMER, Medical Director at C.S.P., and
KATHLEEN BOYD, Nurse Practitioner at C.S.P.
In their individual and official capacities,

Defendants.

---

**RECOMMENDATION ON**
**MOTION TO DISMISS IN PART (Docket No. 16)**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This case is before this court pursuant to an Amended Order of Reference to United States Magistrate Judge issued by Judge Robert E. Blackburn on July 13, 2006. (Docket No. 13).

In the Prisoner Complaint brought pursuant to 42 U.S.C. § 1983, the pro se plaintiff, who is in the custody of the Colorado Department of Corrections ("CDOC"), seeks declaratory, injunctive, and monetary relief based upon his claim that the defendants have been deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

Now before the court is the defendants' Motion to Dismiss in Part pursuant to

Fed. R. Civ. P. 12(b)(6). (Docket No. 16). Defendants seeks dismissal of the Prisoner Complaint, in part, on the following grounds: (1) plaintiff's claims against them for monetary damages in their official capacities are barred; (2) plaintiff's claims against defendants Pardus and Erickson fail due to their lack of personal participation with regard to all claims; and (3) claim two is duplicative of claim one and should be dismissed. The plaintiff has filed a response to the motion. (Docket No. 20). The court now being fully informed makes the following findings, conclusions, and recommendation that the motion be granted.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all factual allegations in the complaint as true and resolve all reasonable inferences in plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996). A case should not be dismissed for failure to state a claim unless the court determines beyond doubt that plaintiff can prove no set of facts which entitles him to relief. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

Since the plaintiff is not an attorney, his pleadings have been construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). Therefore, "if the court can reasonably read the pleadings to state a claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper authority, his confusion of various legal theories, his poor syntax

and sentence construction, or his unfamiliarity with pleading requirements. . . . At the same time, . . . it is [not] the proper function of the district court to assume the role of advocate for the pro se litigant." Id.

It is well established that "the Eleventh Amendment precludes a federal court from assessing damages against state officials sued in their official capacities because such suits are in essence suits against the state." Hunt v. Bennett, 17 F.3d 1263, 1267 (10th Cir. 1994). Therefore, defendants correctly assert that the plaintiff's claim for monetary relief from them in their official capacities should be dismissed.

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997). Furthermore, "under § 1983, 'a defendant may not be held liable under a theory of respondeat superior. . . . Instead, 'a plaintiff must show that an affirmative link exists between the [constitutional] deprivation and either the [defendant's] personal participation, his exercise of control or direction, or his failure to supervise.'" Ledbetter v. City of Topeka, Kansas, 318 F.3d 1183, 1187 (10th Cir. 2003). "To be liable, a superior must have 'participated or acquiesced in the constitutional deprivations of which complaint is made.'" Meade v. Grubbs, 841 F.2d 1512, 1527 (10th Cir. 1988) (citations omitted). See Jenkins v. Wood, 81 F.3d 988, 995 (10th Cir. 1996) ("A plaintiff may satisfy this standard by showing the defendant-supervisor personally directed the violation or had knowledge of the violation and acquiesced in its continuance.")

In the instant case, the defendants accurately summarize in their motion the very limited mention of defendants Pardus and Erickson in the Prisoner Complaint. This

court agrees with the following assertions made by the defendants in their motion:

> . . . Plaintiff's allegations against Defendant Pardus and Erickson fall short of the personal participation requirements necessary in order to establish an Eighth Amendment claim. There are only two paragraphs in the body of the Complaint that discuss Defendant Pardus. (Complaint, p. 2, para. 2 and p. 5, para. 1). Similarly, there are only two paragraphs in the body of the Complaint that discuss Defendant Erickson. (Id., p.2 para. 3 and p. 5, para. 1). The first time either Pardus or Erikson is mentioned occurs in the paragraphs in which they are identified as Defedans [sic]. (Id. p. 2, paras. 2-3). There are no allegations of conduct in these paragraphs. (Id.). The only other reference to Defendant Pardus and Defendant Erikson occurs under Claim Two, which states:
>
> > Defendants Barry Pardus, Manager Officer of Clinical Services, Lynn Ericson, Health Services Administrator at C.S.P., J. Wermer, Medical Doctor, Employee No. 6951 at C.S.P. and Kathleen Boyd, Nurse Practitioner, Employee No. 12547, at C.S.P. are all directly involved and responsible for the cruel and unusual punishment suffered by the Plaintiff.
>
> (Id., p.5, para. 1).
>
> Though Plaintiff specifically alleges the actions and inactions on the part of Defendants Boyd and Wermer, there are no allegations of any specific conduct on the part of Defendant Pardus or Erikson. There are no allegations indicating that either Defendant Pardus or Defendant Erikson were involved in the evaluation and treatment of Plaintiff, nor are there any allegations indicating that they were aware of the treatment provided by others. It appears that the claims against Defendant Pardus are based entirely on his position as the "Manager of Clinical Services." . . .
>
> As to Defendant Erikson, the Complaint provides no allegations indicating the basis for the claims against her. Defendants note that in addition to the dearth of allegations in the body of the Complaint, neither Defendant Erikson nor Defendant Pardus are mentioned or involved in the grievances attached to Plaintiff's Complaint. She is simply named as a Defendant, and then alleged to be responsible for the alleged cruel an [sic] unusual punishment. There is no affirmative link between the alleged constitutional violation and the Defendant Erikson's alleged participation in that violation, as required in order to state a claim. . . .

(Docket No. 16 at 6-7). In sum, this court finds that the plaintiff has not alleged the requisite personal participation of defendants Pardus and Erikson and the requisite affirmative link between their conduct and the alleged constitutional violations. See Stidham v. Peace Officer Standars & Training, 265 F.3d 1144, 1156-57 (10th Cir. 2001); Neely v. McGarry, 2006 WL 1749411, *12 (D. Colo. June 22, 2006).

Finally, defendants assert that Claim Two should be dismissed in its entirety because it is duplicate of Claim One. This court agrees with the defendants that both claims allege that the defendants violated the plaintiff's Eighth Amendment rights. As defendants note, plaintiff specifies that the first claim is for "medical care Eighth Amendment," while the second claim alleges a generic claim for "cruel and Unusual Eighth Amendment." Defendants correctly note that the factual basis underlying both claims is the same, namely, inadequate medical care. Therefore, Claim Two, which is duplicative of Claim One, should be dismissed.

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the defendants' Motion to Dismiss in Part, which was filed on August 22, 2006 (Docket No. 16), be granted. Therefore, it is recommended that the plaintiff's claim for monetary damages against the defendants in their official capacities be dismissed, that the claims against defendants Pardus and Erikson be dismissed for lack of personal participation, and that Claim Two be dismissed as it is duplicative of Claim One. It is further

**ORDERED** that the Clerk of the Court shall add the following interested party to the manual notification for this case for continuing manual notice until further ordered:

Case Manager of:
Inmate Scott R. Gottlieb
#107486
Centennial Correctional Facility
P.O. Box 600
Canon City, CO 81003

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this recommendation to serve and file written, specific objections to the above recommendation with the District Judge assigned to the case. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Fed. R. Civ. P. 72(b), Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: September 22, 2006
Denver, Colorado

s/ Michael J. Watanabe
Michael J. Watanabe
United States Magistrate Judge